IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| VICKI J. DENNY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-3239 |
| | ) |
| JOHN SCHMIDT, Judge, 7th Judicial | ) |
| Circuit, Sangamon County, Illinois, | ) |
| | ) |
| Defendant. | ) |

OPINION

RICHARD MILLS, United States District Judge:

Vicki J. Denny seeks to file a civil rights complaint under 42 U.S.C. § 1983.

Denny also seeks leave to proceed in forma pauperis and requests the appointment of counsel.

Denny alleges that the late Illinois Circuit Judge John Schmidt failed to intervene to protect her from violating her civil rights by entering an Order in *Robert L. Powers and Karen A. Powers v. Springfield Sand and Gravel Co.*, Sangamon County Circuit Court Case No. 2014-MR-000251, on October 20, 2014, which she claims served to break her family's longstanding mineral rights lease. Denny asks the Court to modify the Order which she alleges violated her family's Fifth

1

Amendment rights by taking her property without receiving just compensation. She also seeks the reinstatement of an easement and various damages.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court concludes that Denny cannot state a claim upon which relief may be granted.

Based on the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), because Congress vested district courts only with original jurisdiction, "lower federal courts have no jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996) (citation omitted). Accordingly, lower courts do not engage in appellate review of state-court determinations or "consider collateral attacks on state court civil judgments." *Id.* A litigant who feels that her rights have been violated in a state court proceeding should appeal that decision through the state courts. *See id.*

Because Denny is asking the Court to review a state court decision, the Court concludes she cannot state a claim on which relief may be granted. The complaint

also fails because the only named Defendant, Judge John Schmidt, is deceased. "[T]he consensus of our sister circuits is unanimous: you cannot sue a dead person." *LN Management, LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 951 (9th Cir. 2020).

Ergo, this case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

The Clerk will terminate the pending motions [d/e 2 & 3] and enter Judgment.

ENTER: September 24, 2020

      FOR THE COURT:

            /s/ *Richard Mills*
            Richard Mills
            United States District Judge